UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **PATRICK ROBINSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KILOLO KIJAKAZI,** *Acting* )<br>*Commissioner of Social Security*, )<br>)<br>**Defendant.** ) | Case No. 3:22-cv-361-LCB |

## OPINION & ORDER

Patrick Robinson appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). (Doc. 1 at 1). In short, he claims that the Commissioner wrongly denied his application for disability and disability insurance benefits. *Id.* at 1–2. As explained below, the Court finds no error in the Commissioner's decision. The Court therefore affirms the decision and dismisses this case with prejudice.

**I.    STATUTORY FRAMEWORK & STANDARD OF REVIEW**

The Social Security Act establishes who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act, an administrative law judge (ALJ) evaluates an application for benefits by conducting a five-step analysis:

(1) Is the claimant engaged in substantial gainful activity?

(2) Does the claimant have a severe impairment?
(3) Does the claimant have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1?
(4) Is the claimant able to perform former relevant work?
(5) Is the claimant able to perform any other work within the national economy?

20 C.F.R. § 404.1520(a)(4).[1] An ALJ reaches step 4 only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment or combination of impairments that meets or medically equals a listed impairment (step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To evaluate whether a claimant is able to perform former relevant work (step 4) and, if not, is able to perform any other work within the national economy (step 5), an ALJ must first determine the claimant's residual function capacity (RFC). *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as that which the claimant can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). A claimant is disabled if he can perform neither former relevant work nor any other work within the national economy. *McDaniel*, 800 F.2d at 1030.

By contrast, a claimant is not disabled if he can perform former relevant work or any other work within the national economy. *Id.* Should an ALJ determine that a

---

[1] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

claimant is not disabled, the claimant may request review of the ALJ's decision before the Social Security Appeals Council. 20 C.F.R. § 404.1775(a). If the Council denies review, the ALJ's decision becomes the final administrative decision of the Commissioner. *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020). A claimant may then seek judicial review of the decision in federal court. 42 U.S.C. § 405(g).

A federal court, however, is limited in its review of the Commissioner's final decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). A reviewing court will not disturb the Commissioner's factual findings if they are supported by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).

## II.   BACKGROUND

Patrick Robinson has a history of back pain. (Tr. at 26–29, 51–52).[2] In November 2019, he applied for disability and disability insurance benefits with the Social Security Administration. *Id.* at 229. The Commissioner denied his application

---

[2] "Tr." is a consecutively paginated transcript of the administrative proceedings below and spans from ECF Doc. 7-1 to ECF Doc. 7-11. For clarity and consistency with the parties' briefs, the Court cites to the consecutive pagination of the transcript instead of the ECF pagination.

at the administrative level, and Robinson requested an evidentiary hearing before an ALJ. *Id.* at 127, 138.

At the hearing, Robinson testified that he is unable to work due to a back injury. *Id.* at 51. He explained that he has difficulty with lifting, squatting, bending, standing, reaching walking, siting, kneeling, climbing stairs, sleeping, and concentrating due to pain and numbness in his hands, feet, legs, and back. *Id.* at 51–61. Additionally, he stated that he can lift 15-20 pounds, stand for 5 minutes, sit for 10-15 minutes, and walk for approximately 20 minutes. *Id.* He noted—in a self-completed function report form—that he uses a cane when he has moderate to severe pain/numbness in his back and feet. *Id.* at 298, 304.

In May 2021, the ALJ affirmed the denial of Robinson's application in accordance with the five-step analysis described above. *Id.* at 32. At steps one and two respectively, the ALJ found that Robinson has not engaged in substantial gainful activity since his symptoms allegedly began and that he suffers from the following severe impairments: degenerative disc disease, gout, plantar fasciitis, hypertension, and obesity. *Id.* at 23. Then, at step 3, the ALJ determined that Robinson does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 24.

Before proceeding to step four, the ALJ determined Robinson's RFC. *Id.* at 25. In doing so, the ALJ found that Robinson's impairments could reasonably be

4

expected to cause his alleged symptoms, but that his testimony regarding the "intensity, persistence, and limiting effects" of those symptoms was not entirely consistent with the record evidence. *Id.* at 26. The ALJ reasoned that diagnostic imaging showed only minor degenerative changes to Robinson's spine and no severe abnormalities. *Id.* at 29. The ALJ also noted that, although Robinson uses a cane, nothing in the record suggests that "an assistive device was prescribed by a doctor, or that any provider considered one necessary." *Id.* Rather, the ALJ continued, medical examinations indicated that Robinson has no abnormalities in his hands and that he exhibits normal strength and sensation in his lower extremities. *Id.*

The ALJ also addressed the medical opinion evidence contained in the record, including a report submitted by Certified Registered Nurse Practitioner Kris Mollohan. *Id.* at 26–30. In the report, Nurse Mollohan opined that Robinson can carry 20 pounds occasionally; can stand/walk for 2.5 hours and sit for 4 hours in an 8-hour workday; can frequently push/pull with his left arm and occasionally push/pull with his right arm and legs; and can crawl, handle, finger, and feel. *Id.* at 855. She further opined that Robinson cannot climb, balance, stoop, kneel, crouch, or reach overhead, and that he should avoid exposure to extreme cold and heat. *Id.* at 855–56.

The ALJ found Nurse Mollohan's opinion persuasive to the extent it indicated that Robinson can carry items weighing 20 pounds on occasion. *Id.* at 28–29. The

5

ALJ explained that such a conclusion was supported by Robinson's medical examinations and consistent with the findings of other medical providers that Robinson "typically exhibits pain with range of motion but normal strength and sensation." *Id.* Based on Robinson's testimony, Nurse Mollohan's opinion, and the record evidence as a whole, the ALJ concluded that Robinson has an RFC to perform a range of "light work."[3] *Id.* at 25.

After determining Robinson's RFC, the ALJ moved to step four. *Id.* at 30–31. There, the ALJ determined that Robinson is unable to perform any past relevant work as a general laborer or kitchen helper. *Id.* The ALJ then proceeded to the fifth and final step and considered whether Robinson can perform any other work within the national economy given his age, education, work experience, and RFC. *Id.* at 31. Answering that question in the affirmative, the ALJ concluded that Robinson is not disabled for purposes of the Social Security Act. *Id.* at 32. In response, Robinson requested further review before the Social Security Appeals Council. *Id.* at 1. The Council denied the request and informed Robinson of his right to bring suit in federal court under 42 U.S.C. § 405(g). *Id.* at 1–3. This action followed.

---

[3] The Social Security Act defines "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). A job falls "in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

6

## III. DISCUSSION

Robinson claims that the ALJ erred in concluding that he is not disabled. (Doc. 1 at 1). In support, he makes two arguments: (1) the ALJ improperly discredited his testimony regarding the disabling effects of his symptoms; and (2) the ALJ improperly discounted the persuasiveness of Nurse Mollohan's medical opinion. (Doc. 10 at 7, 12). The Court addresses each argument in turn.

### A.     Whether the ALJ improperly discredited Robinson's testimony.

Robinson contends that, in determining his RFC, the ALJ improperly discredited his testimony regarding the disabling effects of his impairments. (Doc. 10 at 9). A claimant may establish disability through his own subjective testimony by producing: "(1) evidence of an underlying medical condition and *either* (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (emphasis added).

If a claimant satisfies this test, the inquiry shifts to whether and to what extent the claimant's symptoms limit his capacity for work. 20 C.F.R. § 404.1529(a). This requires an ALJ to determine "the intensity, persistence, and functionally limiting effects" of a claimant's pain based on the record as a whole. *Foote v. Chater*, 67 F.3d

7

1553, 1561 (11th Cir. 1995) (per curiam). An ALJ "must articulate explicit and adequate reasons" for discrediting a claimant's subjective testimony. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam); *accord Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (per curiam).

In this case, the ALJ found that Robinson's impairments could reasonably be expected to cause his alleged symptoms, but that his testimony regarding the "intensity, persistence, and limiting effects" of those symptoms was not entirely consistent with the record evidence. (Tr. at 26). The ALJ reasoned that diagnostic imaging showed only minor degenerative changes to Robinson's spine and no severe abnormalities. *Id.* at 29. The ALJ also noted that, although Robinson uses a cane, nothing in the record suggests that "an assistive device was prescribed by a doctor, or that any provider considered one necessary." *Id.* Rather, the ALJ concluded, medical examinations indicated that Robinson has no abnormalities in his hands and that he exhibits normal strength and sensation in his legs. *Id.* Having reviewed the entire record, the Court finds that substantial evidence supports the ALJ's credibility determination.

Robinson counters that the ALJ gave insufficient weight to record evidence consistent with his testimony—namely "MRI evidence of bulging discs and central canal stenosis." (Doc. 10 at 9–10). Federal courts may not decide facts anew or reweigh record evidence when reviewing Social Security appeals. *E.g., Pupo v.*

*Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1060 (11th Cir. 2021); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Here, Robinson's argument, at its core, asks the Court to reweigh the record evidence—something the Court cannot do.

Robinson also takes issue with how the ALJ framed his use of a non-prescription cane. (Doc. 10 at 11). His argument is as follows:

> That one sometimes relies on a cane purchased without a prescription has no logical bearing on whether that person has symptoms that make it helpful. In fact, the logical and reasonable inference of Mr. Robinson's use of a cane, prescribed or not, is that he has significant symptoms that require occasional use. It is confirming of Mr. Robinson's pain and gait problems and his objective MRI testing.

*Id.* Robinson misinterprets the ALJ's finding. The ALJ did not make any inferences regarding the disabling effects of Robinson's symptoms based on his use of a non-prescription cane. The ALJ simply noted that the record did not contain medical documentation establishing that Robinson needed a cane to help him walk or stand. (Tr. at 29). As a result, the ALJ was not required to find that a cane is medically necessary in Robinson's case.[4] In sum, the ALJ properly discredited Robinson's testimony. Robinson's arguments to the contrary are unpersuasive.

---

[4] Social Security regulations provide for when an ALJ must find that a hand-held assistive device is medically required: "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9P, 1996 WL 374185, at *7 (July 2, 1996).

### B. Whether the ALJ improperly discounted Nurse Mollohan's medical opinion.

Robinson next argues that the ALJ improperly discounted the persuasiveness of Nurse Mollohan's medical opinion. (Doc. 10 at 12). An ALJ evaluates the persuasiveness of medical opinions submitted by acceptable medical sources—such as a certified registered nurse practitioner—based on the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "[o]ther factors."[5] 20 C.F.R. §§ 404.1502(a)(7), 404.1520c(a), (c)(1)–(5). Supportability and consistency are the most important factors. *Id.* § 404.1520c(b)(2). Thus, for each medical opinion, an ALJ must articulate whether and to what extent the opinion is supported by and consistent with the record as a whole; the ALJ need not make specific findings as to the other three factors. *Id.*

Here, the ALJ found Nurse Mollohan's opinion persuasive to the extent it indicated that Robinson can carry items weighing 20 pounds on occasion. (Tr. at 28–29). In doing so, the ALJ explained that such a conclusion was supported by Robinson's medical examinations and consistent with the findings of other medical providers that Robinson "typically exhibits pain with range of motion but normal

---

[5] Other relevant factors include "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Commissioner's] policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(5).

strength and sensation." *Id.* Accordingly, the ALJ properly evaluated the persuasiveness of Nurse Mollohan's opinion under 20 C.F.R. § 404.1520c(a).[6]

## IV. CONCLUSION

Robinson shows no error in the Commissioner's decision. Accordingly, the Court **AFFIRMS** the decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment separately.

    **DONE** and **ORDERED** August 23, 2023.

 

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[6] To the extent the ALJ erred by failing to state whether and to what extent Nurse Mollohan's other findings were persuasive and supported by the record, the error is harmless because Nurse Mollohan's opinion—considered as a whole—is consistent with the ALJ's conclusion that Robinson has the RFC to perform a range of light work. *See, e.g.*, *Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) (per curiam) (concluding that an ALJ's failure to assign weight to a medical opinion is harmless where the opinion is consistent with the ALJ's RFC determination); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [four doctors], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless.").